**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN R. HENSON,

    Defendant - Appellant.

No. 19-3062
(D.C. No. 6:16-CR-10018-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **SEYMOUR**, and **MORITZ**, Circuit Judges.
_____

This case comes before the court on remand from the Supreme Court of the

United States.  Defendant-Appellant Steven R. Henson ("Dr. Henson") was a

licensed physician specializing in pain management during the events relevant to this

case.  In 2016, a federal grand jury returned an indictment charging Dr. Henson with

thirty-one criminal counts stemming from his pain-management practice.  Most of

these counts involved violations of 21 U.S.C. § 841 for unlawfully distributing or

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

dispensing a controlled substance, either directly or as predicate violations for other charged offenses. A jury convicted Dr. Henson of Counts 1–14, 16, 17, 19, 20, and 26–31, and we affirmed his conviction in *United States v. Henson*, 9 F.4th 1258 (10th Cir. 2021).

The Supreme Court thereafter decided *Ruan v. United States*, --- U.S. ----, 142 S. Ct. 2370 (2022), which clarified the mens rea requirement of § 841. The Court had consolidated Dr. Ruan's case with that of Dr. Kahn, *see Ruan*, 142 S. Ct. at 2376, who appealed from a decision of our court, *see United States v. Khan*, 989 F.3d 806 (10th Cir. 2021).[1] Like Dr. Ruan, Dr. Kahn had been convicted of multiple counts involving § 841 related to his pain-management practice. The Court vacated the § 841 convictions of both men, based on its interpretation of § 841's mens rea requirement, and remanded for further proceedings. *Ruan*, 142 S. Ct. at 2382. On remand of Dr. Kahn's case, we decided that the jury instructions the district court had issued relating to § 841's mens rea element were erroneous in light of the principles *Ruan* announced, and we vacated Dr. Kahn's convictions. *See United States v. Kahn*, 58 F.4th 1308, 1311 (10th Cir. 2023).[2]

---

[1]    Our decision in *Khan* addressed the challenges of two brothers to their convictions. The brothers spell their last names differently. One is Dr. Shakeel Kahn, and the other is Nabeel Aziz Khan ("Nabeel"). *See Khan*, 989 F.3d at 811 n.1. Nabeel was the first defendant to appear in the caption of our original decision; accordingly, we refer to our original decision as "*Khan*."

[2]    Because the Supreme Court's decision in *Ruan* only vacated Dr. Kahn's conviction, not Nabeel's, the caption of our decision on remand addressing Dr. Kahn's conviction uses only his name, and we refer to that decision as "*Kahn*." *See supra* note 1.

Based on *Ruan*, in a separate decision, the Supreme Court vacated our judgment affirming Dr. Henson's convictions, *see Henson v. United States*, --- U.S. ----, 142 S. Ct. 2902 (2022), and we have since received supplemental briefing from the parties addressing the implications of *Ruan* and *Kahn* for the vitality of Dr. Henson's convictions. The parties agree that *Ruan* and *Kahn* render erroneous certain jury instructions that the court issued implicating the mens rea requirement of § 841. The parties further agree that these instructional errors were not harmless, as to most of Dr. Henson's convictions. In particular, they agree that the erroneous instructions rendered fatally infirm all of Dr. Henson's convictions except for his convictions as to Counts 19 and 20. Consequently, the parties agree that the appropriate course of action for us is to order the vacatur of all of Dr. Henson's counts of conviction, except for Counts 19 and 20, and to remand for further proceedings.[3]

---

[3]    In his supplemental brief, filed February 21, 2023, Dr. Henson states that he would be happy to address any reservations we may have about "reversing [his] convictions on Counts 1–18 and 21–31." Aplt.'s Suppl. Br. at 1. And in his opening brief before the Supreme Court's remand, Dr. Henson states—citing to the jury's verdict form—that he "was convicted following a jury trial of Counts 1–17, 19–20 and 26–31 of the indictment." Aplt.'s Opening Br. at 1. However, the district court's criminal judgment in this case is clear: the jury convicted Dr. Henson only of Counts 1–14, 16, 17, 19, 20, and 26–31, and the government dismissed Count 15. *See* Aplt.'s App. at 204 (Criminal Judgment, filed Mar. 12, 2019). The jury's verdict form is consistent with the criminal judgment. *See United States v. Henson*, No. 16-CR-10018-01-JTM, ECF No. 373 (D. Kan. Oct. 23, 2018) (finding Dr. Henson guilty on the same counts of conviction as are documented in the criminal judgment and stating, "There is no Count 15"). As such, we believe Dr. Henson's statements as to the counts of conviction in his opening and supplemental briefs contain immaterial typographical errors. And we are constrained to acknowledge that we, too, are not immune from such errors. Perhaps following Dr. Henson's lead in his opening brief,

Accordingly, in light of the parties' agreements in their supplemental briefs, we **REMAND** this case to the district court with instructions to **VACATE** all of Dr. Henson's counts of conviction **except** for Counts 19 and 20 (that is, to vacate his convictions on Counts 1–14, 16, 17, and 26–31) and for further proceedings consistent with this order and judgment.

Entered for the Court

Jerome A. Holmes
Chief Judge

---

in our original decision, we stated that Dr. Henson's counts of conviction included Count 15. *See Henson*, 9 F.4th at 1267 ("The jury, however, was largely unpersuaded, and it found Mr. Henson guilty on Counts 1–17, 19–20, and 26–31."). As noted, however, it is clear from the criminal judgment that the government dismissed Count 15; on the remand that we order here, Count 15 should not be at issue. As the district court should in considering the case on remand, we base our decision here on the counts of conviction documented in the criminal judgment.